James E. Cross, Bar No. 009063
**CROSS LAW FIRM, P.L.C.**
7301 N. 16th St., Ste. 102
Phoenix, AZ  85020
PO Box 45469
Phoenix, AZ  85064
Ph: (602) 412-4422
E-Mail: jcross@crosslawaz.com
*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>VALLEY HOSPICE OF ARIZONA, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 2:21-bk-08392-PS<br><br>**FIRST AND FINAL APPLICATION FOR APPROVAL AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SUBCHAPTER V TRUSTEE (FEES $18,285.00 - COSTS $0.00)** |

### APPLICATION PERIOD:  NOVEMBER 16, 2021 THROUGH JANUARY 20, 2022

James E. Cross, the Chapter 7 Interim Trustee herein, and the former Subchapter V Trustee duly appointed by the United States Trustee in the above-captioned case (the "Trustee"), hereby files his First and Final Application for Approval and Payment of Compensation and Reimbursement of Expenses for services rendered and expenses incurred on behalf of the estate as the Subchapter V Trustee through conversion of the case (the "Application").

In support of his Application, Trustee submits his billing and expense statements for fees and costs incurred for the period of November 16, 2021 through January 20, 2022, which is the date this case was converted to one under Chapter 7 of the Bankruptcy Code ("Application Period"), attached as **Exhibit "A"** and incorporated herein by reference.  Trustee did not incur any out of pocket expenses during the Application Period, and thus, no itemized statement of costs is included herein.

During the Application Period, Trustee spent 52.9 hours in his role as the Subchapter V Trustee. Based upon his ordinary hourly rates of $400 for the Trustee and $150 for the Trustee's paralegal, in effect at the time services were rendered, the total fees incurred by Trustee during the Application Period are **$18,285.00**. Trustee incurred no out-of-pocket expenses for which he is seeking reimbursement.

The services for which compensation are requested were rendered by the Trustee and compensation is sought pursuant to 11 U.S.C. §§ 330(a), 331, and 503(a) and (b), *Fed.R.Bankr.P.* 2016(a), and in compliance with the Guidelines of the Office of the United States Trustee for the District of Arizona ("UST Guidelines").

Trustee has not made any arrangement to share any compensation with any other party, nor does Trustee have any arrangement to share any compensation hereinafter awarded, except as between members of Trustee's law firm.

The rates charged by Trustee are at, or below, the normal and customary charges for bankruptcy attorneys of similar expertise and experience performing similar services in the Phoenix metropolitan area. Mr. Cross provided services as the duly appointed Subchapter V Trustee during the Application Period, has been practicing law in Arizona since 1983 and has substantial experience in bankruptcy matters. His hourly rate for this Chapter 11 work is $400.00 per hour. Since 1989, Mr. Cross has been certified as a specialist in bankruptcy law by the Arizona Board of Legal Specialization.

In further support of his Application, Trustee respectfully represents as follows:

I. **NARRATION**

1. This case was commenced by a Voluntary Petition filed under Subchapter V of Chapter 11 of Title 11, United States Code, on November 12, 2021.

2. On November 16, 2021, the United States Trustee appointed James E. Cross as the Subchapter V Trustee.

3. On January 20, 2022, this case was converted to a case under Chapter 7 of Title 11, United States Code [Dkt. 97].

4. On January 20, 2022, Trustee was appointed as the interim Chapter 7 trustee in this case [Dkt. 99].

5. Trustee requests reimbursement for **52.9** hours spent in his role as Subchapter V Trustee. Based upon his customary hourly rates, Trustee's total fees are **$18,285.00**. The Trustee incurred no out-of-pocket expenses during the Application Period.

6. Trustee requests approval of final fees in the total amount of **$18,285.00**

A. <u>Case Status</u>

Due to the fact that there was no scenario under which a Chapter 11 plan could be confirmed in this case, and all parties were best served by this case converting to a Chapter 7 proceeding as quickly as possible to end the Debtor's continued diminution of estate assets, the Trustee filed a Motion to Convert Case to a Chapter 7 Proceeding on December 10, 2021 [Dkt. 56]. The Debtor then filed a response to the Motion to Convert, and also filed a Motion to Dismiss Bankruptcy Case on December 30, 2021 [Dkt. 74]. A combined hearing on the Motion to Convert and Motion to Dismiss was held on January 20, 2022, and this case was converted to Chapter 7 by Order dated January 20, 2022 [Dkt. 97].

B. <u>Summary of Services Performed by Trustee by Category</u>

Trustee has attempted to prepare this Application in strict compliance with the UST Guidelines, reflecting a categorization of specific tasks. During this Application Period, Trustee devoted time to the performance of services as the duly appointed Subchapter V Trustee. The

actual hours expended, services performed, rates charged, and fees incurred are detailed on **Exhibit "A"** attached hereto. A narrative summary by category is as follows:

1. Case Administration (B110)

During the Application Period, Trustee reviewed and analyzed Debtor's Petition, Statements, and Schedules and worked with the U.S. Trustee ("UST") in order to complete all documents and information required to accept his appointment as Subchapter V Trustee; prepared and filed a Notice of Appearance in the case; worked with the UST and Debtor's counsel to meet with the Debtor and Debtor's counsel for the Initial Debtor Interview; corresponded with and had numerous conferences with Debtor's counsel to obtain various documents and information from the Debtor; analyzed Debtor's Schedules and Statements and status of its business, including patient care and diminution of assets; corresponded with counsel for secured creditor, Mewon McCarthy SP Trust ("MMSP Trust") regarding real property owned by Debtor and conducted research regarding same. Trustee prepared and filed a Motion for Immediate Status Hearing due to various issues with Debtor's business and assets; corresponded with and worked with Susan Goodman, Patient Care Ombudsman ("PCO") regarding numerous issues involving patient care and regulatory compliance for the Debtor and her reports filed regarding same. Trustee prepared for and attended the Status Hearing; worked with the UST on the motion to convert the case; and reviewed the docket and various pleadings filed in the case, and performed other tasks needed in the administration of the case. The hours expended on this category are detailed in the attached statement.

**Trustee expended a total of 29.30 hours in this category for fees in the amount of $10,445.00.**

2. <u>Asset Disposition (B130)</u>

During the Application Period, Trustee corresponded with and worked with counsel for MMSP Trust regarding the Debtor's real property, a residence in Mesa, Arizona, valued at approximately $1.9 million (the "Real Property"), in which MMSP Trust holds the first and only lien; corresponded with counsel for MMSP Trust and the UST regarding preferential transfer of half of the ownership in the Real Property just months before filing bankruptcy, valuation of the Real Property, and amounts owed to MMSP Trust for the Real Property. The hours expended on this category are detailed in the attached statement.

**Trustee expended a total of 2.60 hours in this category for fees in the amount of $915.00.**

3. <u>Meetings of and Communications With Creditors (B150)</u>

During the Application Period, Trustee prepared for and attended the 341 Meeting of Creditors; and corresponded with counsel for a creditor with a sexual harassment claim. The hours expended on this category are detailed in the attached statement.

**Trustee expended a total of 2.40 hours in this category for fees in the amount of $960.00.**

4. <u>Other Contested Matters (B190)</u>

During the Application Period, Trustee's efforts in this category consisted of working with the UST, PCO, and counsel for MMSP Trust regarding the Trustee's Motion to Convert; preparation and filing of the Trustee's Motion to Convert; corresponded with the UST, PCO, and counsel for MMSP Trust regarding the Motion to Convert and Debtor's Motion to Dismiss; preparing and filing a consolidated reply/response regarding the Motion to Convert and Motion to Dismiss; prepared for and attended the hearing on both the Motion to Convert and Motion to

Dismiss; and prepared and lodging the order converting the case. The hours expended on this category are detailed in the attached statement.

**Trustee expended a total of 17.10 hours in this category for fees in the amount of $5,365.00.**

        5.      Claims Administration & Objections (B310)

During the Application Period, Trustee's efforts in this category consisted of review and analysis of all claims filed, and correspondence with counsel for various creditors regarding their claims. The hours expended on this category are detailed in the attached statement.

**Trustee expended a total of 1.50 hours in this category for fees in the amount of $600.00.**

    C.    Summary of Costs

    1.    Trustee is not seeking reimbursement of any costs.

## II. EVALUATING STANDARDS

The services for fees billed by Trustee to the estate for professional services rendered during the Application Period total **$18,285.00.** In accordance with 11 U.S.C. § 330, this amount was calculated using the hourly rate for the professional involved in a bankruptcy case. See In re Powerine Oil Co., 71 B.R. 767 (9th Cir. 1986).

In addition, the provisions of Section 330(a) place a premium on the timeliness of administration of the case. Compensable services must be "performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed". 11 U.S.C. § 330(a)(3)(D). The results obtained by Trustee within the time frames of this Application illustrate that it:

    1.    Possessed and used the expertise required to act as the Subchapter V Trustee in the case;

2. Provided services necessary to the administration of the case; and,

3. Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

Furthermore, based upon the results obtained by Trustee within the timeframe of this Application and the rate charged by Trustee for the services performed, the compensation requested is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

### III. CONCLUSION

Based upon the foregoing, Trustee respectfully requests that this Court enter an Order allowing:

A. Compensation for professional services rendered by Trustee as the Subchapter V Trustee during the Application Period in the amount of **$18,285.00**;

B. Approval of final fees in the total amount of **$18,285.00**; and

D. Directing the payment of Trustee's allowed fees and costs from unencumbered funds of the estate if/when sufficient funds exist in the estate to permit payment without prejudice to other administrative claims of equal or higher priority.

DATED this 4th day of February, 2022.

**CROSS LAW FIRM, P.L.C.**

/s/ *James Cross (#9063)*
James E. Cross
*Chapter 7 Trustee, formerly Subchapter V Trustee*

Original filed and Copies of the foregoing
served electronically via the Court's
CM/ECF Notification System this 4th day of
February, 2022, on all parties that have
appeared in the case.

Additionally, COPIES sent via e-mail transmission
this 4th day of February, 2022, to:

| | | |
|---|---|---|
| 1 | Edward Bernatavicius<br>Office of the U.S. Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003<br>Email: edward.k.bernatavicius@usdoj.gov | Philip Giles, Esq.<br>Allen Barnes & Jones, PLC<br>1850 N. Central Ave., Ste. 1150<br>Phoenix, AZ 85004<br>Email: pgiles@allenbarneslaw.com<br>Counsel for Christine Lewis, owner of Debtor |
| 4 | David L. Knapper<br>LAW OFFICES OF DAVID L. KNAPPER<br>1599 East Orangewood Avenue, Suite 125<br>Phoenix, Arizona 85020<br>E-Mail: dlk@knapperlaw.com<br>Counsel for Mewon McCarthy SP Trust | Matthew A. Silverman<br>Office of the Attorney General<br>2005 North Central Avenue<br>Phoenix, Arizona 85004-1592<br>Email: Matthew.Silverman@azag.gov<br>Counsel for the State of Arizona<br>*ex rel.* Arizona Department of Revenue |
| 8 | Susan N. Goodman, RN JD<br>Pivot Health Law, LLC<br>PO Box 69734<br>Oro Valley, AZ 85737<br>Email: sgoodman@pivothealthaz.com<br>Patient Care Ombudsman | Stanley Hammerman, Esq.<br>Jon Hultgren, Esq.<br>Hammerman & Hultgren, PC<br>3101 N. Central Ave., Ste. 1030<br>Phoenix, AZ 85012<br>Email: minute_entry@hammerman-hultgren.com<br>Counsel for The Industrial Commission of Arizona |
| 13 | | Thomas Luikens, Esq.<br>THOMAS G. LUIKENS, P.C.<br>2700 N. Third Street, Suite 2005<br>Phoenix, AZ 85004-4602<br>Email: tom@thomasluikens.com<br>Administrative Claimant |

*/s/ Kara L. Stewart*