1  **TERRY A. DAKE, LTD.**
   P.O. Box 26945
2  Phoenix, Arizona  85068-6945
   Telephone: (602) 710-1005
3  tdake@cox.net

4  **Terry A. Dake - 009656**

5  Attorney for Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Chapter 7 Proceedings |
| VALLEY HOSPICE OF ARIZONA, INC. | Case No. 2:21-BK-08392-PS |
| Debtor. | |
| JAMES E. CROSS, TRUSTEE; | **Adversary No. 2:22-AP-00XXX** |
| Plaintiff, | |
| v. | |
| MARCUS JOHN LEWIS; MJL FINANCIAL GROUP, LLC; | |
| Defendants. | |

# C O M P L A I N T

### GENERAL ALLEGATIONS

James E. Cross ("Cross"), as trustee of the bankruptcy estate of Valley Hospice Of Arizona, Inc., Bankruptcy Case No. 2:21-BK-08392-PS, for his Complaint, says as follows:

1. Cross is the duly appointed trustee of the bankruptcy estate of Valley Hospice Of Arizona, Inc. ("VHA"), Bankruptcy Case No. 2:21-BK-08392-PS.

2. This bankruptcy case was filed as a voluntary proceeding under SubChapter V on November 12, 2021 and converted to Chapter 7 on January 20, 2022.

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2). This is a core proceeding.

4. Marcus John Lewis ("Marcus") is the spouse of Christine Muturi Lewis ("Christine"). Christine is the president and sole shareholder of VHA.

5. Marcus and Christine were married in February of 2017 in Mesa, AZ.

6. Marcus is an insider as that term is defined in 11 U.S.C. §101(31).

7. Prior to the bankruptcy filing, VHA owned real property commonly known as 3539 E. Presidio Circle, Mesa, AZ (the "Property").

8. On July 15, 2021, VHA transferred a 50% interest in the Property to Marcus.

9. On October 14, 2021, Marcus transferred the interest in the Property that he received from VHA to MJL Financial Group, LLC ("MJL"), a Wyoming corporation, for no consideration.

10. Marcus is the owner of MJL. MJL is not registered to do business in Arizona.

11. MJL is an insider as that term is defined in 11 U.S.C. §101(31).

12. Pursuant to an order of this Court at Admin. Dkt. No. 159, the trustee sold the Property free and clear of the interest of MJL and received net sale proceeds of $539,613.32 as reported at Admin. Dkt. No. 180.

13. Pursuant to an order of the Court at Admin. Dkt. No. 185, the trustee paid the auctioneer who sold the Property $104,234.40, leaving net sale proceeds of $435,378.92 (the "Sale Proceeds").

**COUNT I**

14. The trustee repeats and realleges paragraphs 1 through 13 as though more fully set forth herein.

15. VHA received no consideration for the transfer of a one-half interest in the Property to Marcus.

16. VHA was insolvent when it transferred a one-half interest in the Property to Marcus.

17. The transfer of VHA's one-half interest in the Property to Marcus was intended to hinder, delay and defraud the creditors of VHA.

18. The transfer of VHA's one-half interest in the Property to Marcus, and the subsequent transfer of that interest to MJL, is avoidable pursuant to 11 U.S.C. §548(a)(1)(B) and/or A.R.S. §44-1005 and/or A.R.S. §44-1004(A)(2) as the transfer was made when VHA was insolvent and VHA did not receive reasonably equivalent value for the transfer.

19. In the alternative, the transfer of VHA's one-half interest in the Property to Marcus, and the subsequent transfer of that interest to MJL, is avoidable pursuant to 11 U.S.C. §548(a)(1)(A) and/or A.R.S. §44-1004(A)(1) as the transfer was made with the actual intent to hinder, delay and defraud the creditors of VHA.

3

20. Unless and until all avoidable transfers received by Marcus and MJL have been returned to the trustee, any claims of Marcus and MJL against the estate or against estate property, including the Sale Proceeds, must be disallowed pursuant to 11 U.S.C. §506(d).

**WHEREFORE**, the trustee prays:

A. For the entry of an order avoiding the transfer of VHA's one-half interest in the Property to Marcus, and the subsequent transfer to MJL, pursuant to 11 U.S.C. §548(a)(1)(B) and/or A.R.S. §44-1005 and/or A.R.S. §44-1004(A)(2) and/or 11 U.S.C. §548(a)(1)(A) and/or A.R.S. §44-1004(A)(1).

B. For the entry of an order determining and declaring that Marcus and MJL have no further interest in the Sale Proceeds of the Property.

C. For an award of the trustee's costs in an amount not less than $350.00.

D. For such other relief as is allowable at law and in equity.

## COUNT II

21. The trustee repeats and realleges paragraphs 1 through 13 as though more fully set forth herein.

22. To the extent that VHA owed any debt or obligation to Marcus, the transfer of VHA's one-half interest in the Property to Marcus, and the subsequent transfer to MJL, is avoidable pursuant to 11 U.S.C. §547. Any such debt, if any, was not incurred in the ordinary course of the business and financial affairs of VHA and/or the

transfer of VHA's assets to pay such debt, if any, was not in the ordinary course since VHA had no history of transferring its physical assets to pay its debts, particularly debts to insiders.

23. Unless and until all avoidable transfers received by Marcus and MJL have been returned to the trustee, any claims of Marcus and MJL against the estate or against estate property, including the Sale Proceeds, must be disallowed pursuant to 11 U.S.C. §506(d).

**WHEREFORE,** the trustee prays:

A. For the entry of an order avoiding the transfer of VHA's one-half interest in the Property to Marcus, and the subsequent transfer to MJL, pursuant to 11 U.S.C. §547.

B. For the entry of an order determining and declaring that Marcus and MJL have no further interest in the Sale Proceeds of the Property.

C. For an award of the trustee's costs in an amount not less than $350.00.

D. For such other relief as is allowable at law and in equity.

**COUNT III**

24. The trustee repeats and realleges paragraphs 1 through 13 as though more fully set forth herein.

25. During the one year prior to the bankruptcy filing, and while Marcus and Christine were married, Christine transferred funds in VHA's bank account to other entities owned and/or controlled by Christine and/or Marcus.

5

26. During the one year prior to the bankruptcy, Christine used and transferred funds in VHA's bank account to pay the expenses of and for the benefit of the marital community of Christine and Marcus and their family.

27. These transfers and uses of VHA's funds were made when VHA was insolvent, and VHA did not receive reasonably equivalent value in exchange for these transfers and uses of VHA's funds.

28. The transfers from VHA to and/or for the benefit of Christine and Marcus and/or their marital community are avoidable by the trustee pursuant to 11 U.S.C. §548(a)(1)(B) and/or A.R.S. §44-1005 and/or A.R.S. §44-1004(A)(2) and/or 11 U.S.C. §548(a)(1)(A) and/or A.R.S. §44-1004(A)(1).

29. The entities owned and/or controlled by Christine and/or Marcus to whom VHA's funds were transferred are alter egos of Marcus and/or Christine.

30. MJL is an alter ego of Marcus and/or Christine.

31. Marcus and Christine aided and abetted in the transfer of VHA's assets to the entities owned and/or controlled by Marcus and/or Christine and/or to or for the benefit of Christine and/or Marcus and/or their marital community.

32. The claims of the estate against Christine and Marcus must be offset against any and all claims of Marcus and/or Christine and/or MJL against the estate or against estate property, including the Sale Proceeds.

33. Unless and until all avoidable transfers received by Marcus and MJL have been returned to the trustee, any claims of Marcus and MJL against the estate or against estate property, including the Sale Proceeds, must be disallowed pursuant to 11 U.S.C. §506(d).

**WHEREFORE**, the trustee prays:

A. For the entry of an order avoiding the transfers of VHA's funds to or for the benefit of Christine, Marcus and/or entities owned and/or controlled by Christine and/or Marcus and/or their marital community pursuant to 11 U.S.C. §548(a)(1)(B) and/or A.R.S. §44-1005 and/or A.R.S. §44-1004(A)(2) and/or 11 U.S.C. §548(a)(1)(A) and/or A.R.S. §44-1004(A)(1).

B. For the entry of an order determining and declaring that Marcus and MJL have no further interest in the Sale Proceeds of the Property.

C. For an award of the trustee's costs in an amount not less than $350.00.

D. For such other relief as is allowable at law and in equity.

DATED October 25, 2022.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
    Terry A. Dake - 009656
    P.O. Box 26945
    Phoenix, Arizona 85068-6945
    Attorney for Trustee