1  ***TERRY A. DAKE, LTD.***
   P.O. Box 26945
2  Phoenix, Arizona 85068-6945
   Telephone: (602) 710-1005
3  tdake@cox.net

4  **Terry A. Dake - 009656**

5  Attorney for Trustee

6  **IN THE UNITED STATES BANKRUPTCY COURT**

7  **FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| VALLEY HOSPICE OF ARIZONA, INC. | ) | Case No. 2:21-BK-08392-PS |
| | ) | |
| Debtor. | ) | |

**NOTICE OF BAR DATE FOR OBJECTIONS TO TRUSTEE'S MOTION**

  **PLEASE TAKE NOTICE** that the trustee has filed the attached motion with the Court. Your rights may be affected by this motion.

  You should read these papers carefully, and discuss them with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

  If you do not want the Court to grant the trustee's motion, or if you want the court to consider your views on the trustee's motion, then on or before **February 27, 2023** you or your attorney must file with the Court a written response setting forth your concerns and requesting a hearing on the trustee's motion. Your response must be filed with the Court at:

    **Clerk Of The Court**
    **United States Bankruptcy Court**
    **230 N. First Ave.**
    **Ste. 101**
    **Phoenix, Arizona 85003-1706**

  If you mail your response to the Court, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail or e-mail[1] a copy of your response to the attorney for the trustee at:

>Terry A. Dake, Esq.
>**TERRY A. DAKE, LTD.**
>P.O. Box 26945
>Phoenix, Arizona 85068-6945
>tdake@cox.net

If you or your attorney do not take these steps, the Court may decide that you do not oppose the trustee's motion and may enter an order that grants the trustee's motion without further notice or hearing.

DATED February 3, 2023.

>**TERRY A. DAKE, LTD.**
>
>By /s/ TD009656
>  Terry A. Dake
>  P.O. Box 26945
>  Phoenix, Arizona  85068-6945
>  Attorney for Trustee

---

[1] E-mailed papers must be in pdf format.

**TERRY A. DAKE, LTD.**
P.O. Box 26945
Phoenix, AZ  85068-6945
Telephone: (602) 710-1005
tdake@cox.net

*Terry A. Dake – 009656*

*Attorney for Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>VALLEY HOSPICE OF ARIZONA, INC<br><br>Debtor. | In Chapter 7 Proceedings<br>Case No. 2:21-BK-08392-PS |

**MOTION TO APPROVE COMPROMISE**

The trustee, James Cross ("**Trustee**"), by and through undersigned counsel, hereby moves this Court for the entry of an order approving a compromise with Marcus John Lewis ("**Lewis**") and MJL Financial Group, LLC ("**MJL**" and together with Lewis collectively, the "**Lewis Parties**"). The Trustee's motion ("**Motion**") is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

       Dated February 2, 2023

                              **TERRY A. DAKE, LTD.**

                        By */s/TD009656*
                            Terry A. Dake
                            P.O. Box 26945
                            Phoenix, AZ  85068-6945
                            Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

Prior to the bankruptcy filing, certain real property commonly known as 3539 E. Presidio Circle, Mesa, AZ (the "Property") was titled in the name of MJL. The Property was then transferred to Valley Hospice of Arizona, Inc. ("**Debtor**") so that the Debtor could obtain financing using the Property as collateral. After the loan was obtained, an interest in the Property was then transferred by the Debtor to Lewis. Lewis then transferred that interest to MJL. The trustee contends that the transfers to Lewis and MJL are avoidable.

On or about November 12, 2021 ("**Petition Date**"), Debtor filed a bankruptcy petition commencing the instant bankruptcy case ("**Bankruptcy Case**") under Chapter 11 of the Bankruptcy Code ("**Code**"). On or about January 20, 2022, after an evidentiary hearing, the Court entered an Order converting Debtor's Ch. 11 case to a Ch. 7 Case [Dkt. No. 97]. On or about March 4, 2022, the Court entered an Order permitting the sale of the Property ("**Sale Order**")[Dkt. No. 159; *see also* Notice at Dkt. No. 177]. Pursuant to the Sale Order, on or about June 17, 2022, the Trustee sold the Property and and filed his *Report of Sale* [Dkt. No. 180] advising that the bankruptcy estate would receive $539,613.32 in net proceeds from the Sale of the Property ("**Sale Proceeds**"). On or about October 25, 2022, the Trustee commenced an adversary proceeding (*see generally* Adv. No. 2:22-ap-00243)(the "**Adversary Proceeding**") naming the Lewis Parties as defendants and seeking to avoid the transfer of the interest in the Property to Lewis and to obtain an order determining that Lewis and MJL had no interest in the sale proceeds of the Property. On or about December 15, 2022,

the Trustee obtained a judgment in the Adversary Proceeding by default thereby avoiding the transfers and determining that neither of the Lewis Parties have a claim to the sale proceeds of the Property.

The Lewis Parties contend that there are grounds to set aside the default judgment and that the Lewis Parties are entitled to half of the Sale Proceeds. The Trustee disputes those claims. However, to avoid further litigation, and the delay and expense associated with litigation, the Trustee has agreed to pay the Lewis Parties the sum of thirty thousand dollars ($30,000.00) ("**Settlement Sum**") in full satisfaction of any and all claims of any kind or nature that the Lewis Parties may have, if any, against the Property, against the sale proceeds of the Property, and against the bankruptcy estate, as well as any claims that they may have to set aside the judgment in the Adversary Proceeding. The bankruptcy estate shall assert no further claims of any kind or nature to the Settlement Sum.

Payment of the Settlement Sum shall be made by the bankruptcy estate not later than fourteen (14) days after the entry of an Order approving this settlement. The check shall be payable jointly to Lewis and MJL and shall be mailed to counsel for Lewis and MJL, whose name and address appears at the end of this motion.

In light of the amounts at issue, and the costs and uncertainties of additional litigation, the Trustee believes that the proposed compromise is reasonable and in the best interest of the estate. The proposed compromise avoids the delay, expense and uncertainty of additional litigation and provides a return to the estate.

Compromises in bankruptcy are generally favored because "they provide for an often needed and efficient resolution of the bankruptcy case." *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 719 (Bankr. D. N.J. 1997). The Ninth Circuit Court of Appeals has long recognized that the bankruptcy court has "great latitude" in approving compromises. *See, e.g., Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988); *see also In re Daley's Dump Truck Svcs, Inc.*, 108 F.3d. 213, 215 (9th Cir. 1997); *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) (internal quotations omitted), *cert. denied*, 479 U.S. 854 (1986).

In approving a settlement agreement, the Court need not conduct either an exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be compromised. *United States v. Alaska National Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Schmidt*, 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997) ("When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues. A mini trial on the merits is not required.") (citations omitted). Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *A & C Properties*, 784 F.2d at 1381. Further, a court generally should give deference to a trustee's exercise of business judgment. *In re Mickey Thompson*

*Entm't Group, Inc.*, 292 B.R. 415, 420 (9th Cir. BAP 2003).

The Ninth Circuit Court of Appeals has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

(a) the probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*. Consideration of these factors does not require the Court to decide the questions of law and fact raised in the controversies sought to be settled, or to determine whether the settlement presented is the best one that could possibly have been achieved. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972). Finally, although the Court should give deference to the reasonable views of creditors, objections do not rule. *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990). Here, the Settlement meets the factors for approval of a compromise under Fed. R. Bankr. P. 9019.

The Trustee believes that, in the exercise of his

5

business judgment, this settlement satisfies these criteria. A contest of the default judgment will cost the estate legal fees and expenses and will impose additional delay in the administration of the estate. Further, if the default judgment were to be set aside, then the estate would have to endure further litigation, expense and delay over the merits of the avoidance claims. This settlement avoids that delay, expense and uncertainty. Accordingly, the Trustee requests that this Court approve the proposed settlement with the Lewis Parties as set forth herein.

**WHEREFORE**, the Trustee prays for the entry of an Order approving a settlement as set forth herein and for whatever further and other relief the Court deems proper.

**DATED** February 2, 2023

                                **TERRY A. DAKE, LTD.**

                                By */s/TD009656*
                                     Terry A. Dake
                                     P.O. Box 26945
                                     Phoenix, AZ  85068-6945
                                     Attorney for Trustee

**APPROVED AND AGREED:**

/s/ *Patrick F. Keery* (#030971)
PATRICK F KEERY
KEERY MCCUE, PLLC
6803 E MAIN STREET
SUITE 1116
SCOTTSDALE, AZ 85251
Tel: 480-478-0709
Fax : 480-478-0787
Email: pfk@keerymccue.com
*Attorneys for Lewis & MJL*