

Clerk Of The Court
United States Bankruptcy Court
230 North First Avenue, Suite 101
Phoenix, Az. 85003-1727
Case No. 2:21-BK-08392-PS

To Whom It May Concern:

The following is my explanation for disputing the trustee's objection to Claim No.12, as stated in his letter sent to me, dated 1/24/23.

The trustee has grossly underestimated the amount of money owed me, including by seemingly disregarding the outstanding salary payments owed me dating back to year 2019. The trustee is also implying that I included (in my initial calculations) salary that would be billed for services after the business ceased operation and/or after the filing of bankruptcy, which is incorrect. My claims relate exclusively to services provided before filing of the bankruptcy. For the court's knowledge, I was never notified of the date the business ceased operation and was put on notice only when I received the bankruptcy filing.

My calculations are based on my agreed upon annual salary of $36,000.00, which was to be paid as $1500.00 every 2 weeks. The debtor made these payments by direct deposit to my bank account as agreed for many years. I am including a redacted copy of my January 2019 bank statement, to show an example of the bimonthly payments that were agreed upon. My complete bank statements will be available to the court if requested. The trustee could easily confirm my estimated missing salary by having the business accountant review the business bank account.

I recently reviewed the memo to the court, which I wrote (and submitted) on 1/4/22, and I discovered an error in the amount I am owed for year 2019. It should have been $5000.00, not $6000.00, which makes the total amount I am owed as $41,000.00.

Debtor acknowledged many times that I was owed these back payments. For example, a meeting was held on 7/28/21, with Christine Muturi, Marie Knasas (hospice compliance officer), and myself. Ms. Muturi acknowledged that she owed me salary (as evidenced by her writing this on the memo line of the check she presented me that day). I am attaching the check image for reference. The offer she proposed was to pay me $10,000.00 as partial payment owed, that day, and an amount to be paid me monthly thereafter (in addition to my usual salary) until her debt to me was satisfied. That monthly amount was to be determined when her accountant confirmed that the amount of my estimate matched his finding. I do not know if she had her accountant do this, but I do know that I received no further salary checks (or other payments in satisfaction of the back pay owed) from the business after that meeting.

The trustee is also questioning why I continued working for the hospice in spite of not being paid. First, I was employed longer than any other employee. I thought there was a mutual trust that developed in the business relationship I had with the owner ,Ms. Muturi. I understood that the hospice had cash flow problems, and I had no doubt that once the issues were resolved, I would be paid what was owed me. I also felt I had an allegiance to the hospice and its patients, as did other employees, who I know also worked in spite of not being paid. The court may not be aware of the fact that working in a hospice is not the same as other areas of medicine. One

develops a camaraderie with the other employees,i.e., it is definitely a team effort, and we depend on each other to manage things. There is a trust that develops among the employees and the employees often bond with the patients and feel a commitment to help them as they are at the end stage of their life. I also reached out to Ms. Muturi to better understand the financial condition of the business, but she would not discuss these matters with me. Her lack of transparency prevented me from being able to make appropriate financial decisions about whether to continue providing services upon her promises to pay me what was owed.

    I am confident that this letter satisfactorily explains the monies owed to me by Valley Hospice of Arizona.

Sincerely,

Martin H. Rubin M.D.
302 W.Crofton Street
Chandler, Az. 85225
Phone #480-338-8084
2/15/23

00149944 DRE 601 141 03219 YNNNNNNNNNN T 1 000000000 64 0000

MARTIN H RUBIN MD PLLC
2733 N POWER RD STE 102 PMB 452
MESA AZ 85215-1683

Deaf and Hard of Hearing: 1-800-242-7383
Para Espanol: 1-888-622-4273
International Calls: 1-713-262-1679



## CHECKING SUMMARY — Chase Total Business Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| Ending Balance | | |

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 01/04 | Valley Hospice O Dir Dep  Xxxxxxx9542  PPD ID: 1461147408 | 1,500.00 |
| 01/18 | Valley Hospice O Dir Dep  Xxxxxxx9542  PPD ID: 1461147408 | 1,500.00 |
| **Total Deposits and Additions** | | |



# CHASE for BUSINESS

Printed from Chase for Business

| | | |
|---|---|---|
| **$10,000.00**<br>Total | Aug 9, 2021<br>Post date | 194<br>Check # |

---

**VALLEY HOSPICE OF ARIZONA INC.**
1350 E MCKELLIPS RD. SUITE # 5
MESA, AZ 85203

2-2566/710    194

DATE 07/28/2021

PAY TO THE ORDER OF: Dr Martin Dubin    $ 10,000

Ten thousand dollars Ony    DOLLARS

**BMO Harris Bank**
BMO Harris Bank N.A.
Chicago, Illinois

MEMO: Applied ~~back~~ Payments

⑈071025661⑈  4832072862⑈  00194

---

Account #   4832072862

Routing #   071025661

JPMorgan Chase Bank, N.A. Member FDIC    ©2021 JPMorgan Chase & Co.    Equal Opportunity Lender